ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 2008
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

| | |
|---|---|
| STANDARD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3-08CV-746-B |
| ) | |
| KRISTAL COOPER-PIPKINS, an ) | |
| Individual, BILLY HARRIS, an Individual ) | 21503 |
| KENNETH HARRIS, an Individual, ) | |
| CHERYL McMILLAN, an Individual ) | |
| DETRA PIPKINS-SENEGAL, ) | |
| an Individual, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF STANDARD INSURANCE COMPANY'S
COMPLAINT IN INTERPLEADER**

Plaintiff Standard Insurance Company ("Standard") respectfully alleges as follows:

ALLEGATIONS OF JURISDICTION AND VENUE

1. This is an action in interpleader, pursuant to Federal Rule of Civil Procedure 22, to allow for the orderly adjudication of competing claims to a single fund. The defendants assert competing claims to an employee benefit, to wit, a "Voluntary Accidental Death & Dismemberment Benefit" in the principal amount of $315,000.00 payable on account of the death of Virgil Ray Pipkins, Jr. (the "VADD Benefit"). The VADD Benefit is payable under the terms of a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. section 1001, et seq. ("ERISA"). Original, "Federal Question," jurisdiction in this Court is thus predicated on 28 U.S.C. section 1331.

2. Standard is an insurance company incorporated under the laws of and with its principal place of business in the State of Oregon. Standard is authorized to do business and is doing business as an insurer in the State of Texas.

3. Standard is informed and believes and on that basis alleges that all defendants, Kristal Cooper-Pipkins, Billy Harris, Kenneth Harris, Cheryl McMillan and Detra Pipkins-Senegal are citizens of the State of Texas for purposes of designating citizenship for diversity jurisdiction.

4. The amount in controversy is the $315,000.00 VADD Benefit.

5. As plaintiff Standard is a citizen of the State of Oregon for purposes of assessing diversity jurisdiction and all defendants are citizens of the State of Texas for purposes of assessing diversity jurisdiction, there is "complete" diversity. And, further, as the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00, Standard alleges that this Court has diversity jurisdiction over this matter under 28 U.S.C. section 1332 in addition to its "Federal Question" jurisdiction, alleged above.

6. Venue is proper, as all defendants reside or are found within this Judicial District and a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

7. As is alleged in greater detail below, Standard holds the total principal sum of $315,000.00, the VADD Benefit payable to the lawful beneficiary or beneficiaries of the decedent Virgil R. Pipkins, Jr., under an ERISA plan. Standard is informed and believes and on that basis alleges that each defendant in this action presently or potentially claims that he or she is entitled to receive from Standard all or part of that entire sum of $315,000.00 in sufficient amounts that Standard cannot pay such claims without exposing itself to liability beyond the maximum sum of $315,000.00 payable to the lawful beneficiary or beneficiaries of the decedent Virgil Ray Pipkins, Jr.. Standard is ready, willing and able, as may be ordered and allowed by the Court, to deposit the sum of $315,000.00 with this Court along with interest, if any, lawfully due upon said sum. Except to the extent of claims for attorney fees and costs incurred in this action, Standard claims no other interest in the said sum of $315,000.00 and interest, if any, lawfully due upon said sum.

## GENERAL ALLEGATIONS

8. Standard issued Group Accidental Death and Dismemberment Insurance Policy No. 642695-E to Celanese Americas Corporation (the "Plan").

9. The Plan was issued by Standard to a private, i.e., non-governmental, employer, Celanese Americas Corporation (the "Employer"), which established and maintained the Plan. The Plan covered more than two employees for payment of accidental death and dismemberment benefits, upon compliance with all terms and conditions of the Plan. The Plan and this action are therefore governed by ERISA.

10. Under the terms of the Plan, the VADD Benefit insured the life of Virgil Ray Pipkins, Jr., an employee of Celanese Americas Corporation, as against his accidental death in the sum of $315,000.00.

11. According to the Death Certificate and records and report of the Travis County Office of the Medical Examiner (the "Medical Examiner"), Virgil Ray Pipkins, Jr. (the "Decedent"), then a resident of Lancaster, Dallas County, Texas, died accidentally of blunt force injuries suffered in a motorcycle accident on March 3, 2007, in Round Rock, Texas, County of Williamson. As of the time of his death, Decedent's life was insured against accidental death under the Plan's VADD Benefit provisions in the sum of $315,000.00. A toxicology report Standard obtained from the Medical Examiner reflected that Decedent had no detectable levels of ethanol/volatiles and no detectable levels of alkaline, acid/neutral, amphetamine, barbiturate, benzodiazepine, cannabinoid, cocaine metabolite, opiate or phencyclidine drugs in his system at the time of his death.

12. The Employer utilized the services of a third party administrator, ARINSO International, either directly or through a subsidiary entity, to assist it in administering its various employee benefits, including the Plan. This third party administrator ("ARINSO"), the Employer and the

file documents reflect the following facts, which Standard is informed and believes are true and, on that basis, Standard now alleges to be true.

13. Prior to May 26, 2005, the Decedent had named his mother, Catherine Pipkins, and his then-spouse, defendant Kristal [Cooper-]Pipkins as the beneficiaries of his various life and accidental death and dismemberment benefits under the Plan and other benefit offerings of the Employer.

14. On May 26, 2005, almost two years before the Decedent's death, the District Court, S-255th Judicial District, Dallas County, Texas, entered a final divorce decree in action No. 05-04448, In the Matter of the Marriage of Virgil R. Pipkins, Jr. and Kristal L. Cooper-Pipkins, specifying that Decedent and Kristal Cooper-Pipkins "are divorced and that the marriage between them is dissolved on the ground of insupportability." The decree further stated that

> "IT IS ORDERED AND ADJUDGED that the husband, VIRGIL R. PIPKINS, JR., is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest and claim in and to that property:
>
> . . .
>
> The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, **or other benefits vesting by reason of the husband's past, present or future employment**. Emphasis added.

At all pertinent times prior to, at the time of and after the date of this decree, Decedent was employed by the Employer. The signatures of both the Decedent and Kristal Cooper-Pipkins are affixed to this decree under the heading, "APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE."

15. ARINSO advised that, on November 17, 2006, Decedent had changed his beneficiaries. He had indicated, ARINSO reported, that he had been divorced for over a year and wanted to change his beneficiaries for all employee benefit plans deleting his ex-wife, Kristal Cooper-Pipkins as a beneficiary, so that the sole beneficiary would be his mother, Catherine Pipkins.

16. This requested change was to be effected for all Decedent's benefits and ARINSO undertook steps to do so. Due to a prior clerical error, there was no record of the VADD coverage in the computer system where the changes were made. Therefore no change in the beneficiary for the VADD Benefit was entered. But ARINSO advised Standard that it was the Decedent's intention to change his beneficiary designation to Catherine Pipkins for all plans so that the designation for the VADD Benefit should have been changed.

17. Catherine Pipkins, Decedent's mother, then died on February 9, 2007.

18. The Plan provides that "If you do not name a beneficiary, **or if you are not survived by one**, benefits will be paid in equal shares to the first surviving class of the classes below: 1. Your Spouse. 2. Your children. 3. Your Parents. 4. Your brothers and sisters. 5. Your estate." Emphasis added.

19. At his death, Decedent was unmarried (see item No. 1, quoted in immediately preceding paragraph above), had no children (see item No. 2, quoted in immediately preceding paragraph above) and his parents were deceased (see item No. 3, quoted in immediately preceding paragraph above). Except for the VADD Benefit, benefits payable under the Plan as a result of Decedent's death were paid in equal shares to the surviving brothers and sisters of Decedent.

20. As to the VADD Benefit, the surviving brothers and sisters of Decedent, defendants Billy Harris, Kenneth Harris, Cheryl McMillan and Detra Pipkins-Senegal, claim that they are entitled to equal shares (25% each) of the entire VADD Benefit. On the other hand, defendant Kristal Cooper-Pipkins, the ex-spouse of Decedent, claims that she is entitled to 100% of the VADD Benefit.

21. There are thus two mutually exclusive, competing claims to the entire VADD Benefit, to wit, those of: (i) defendant Kristal Cooper-Pipkins, as opposed to, (ii) the defendants Billy Harris, Kenneth Harris, Cheryl McMillan and Detra Pipkins-Senegal. Standard is in genuine doubt as to which of these mutually exclusive, competing claims to THE VADD should be paid and cannot in any event pay any of the claims without risking liability to another competing claimant or claimants.

22. Prior to filing this action, Standard requested that the parties attempt to resolve their claims informally, but no resolution of any kind has been reported to Standard. Standard has advised the parties that, if it were required to file this action, it would seek to recover its fees and costs.

23. Standard is aware of no actions with respect to entitlement to the VADD Benefit filed in any jurisdiction other than the instant action. Should any such actions be discovered or later-filed, Standard will seek leave to amend this complaint to obtain temporary and permanent injunctive relief against the prosecution of any such actions at any time prior to the final adjudication of this action.

W H E R E F O R E, Standard respectfully asks the Court for the following relief:

1. Judgment that Standard has deposited the full amount of any liability it could owe to defendants or any third party under the Plan and is therefore not liable and cannot be further liable to any defendant or any other person or entity, corporate or natural, beyond the sum of 315,000.00, plus lawful accrued interest as ordered and allowed to be deposited by the Court;

2. That defendants be required to surrender any and all claims or, in the alternative, to litigate, interplead and settle as between themselves (and any other as yet unknown claimants, if any there be) their respective rights to the interpleaded and deposited sum as ordered by the Court;

3. That Standard be dismissed from this action with prejudice;

4. For Standard's attorneys fees and costs in the fullest amount permitted by law, equity or otherwise; and,

5. For such other and further relief as the Court may deem appropriate and just.

Dated: May 1, 2008.

_____
ROBERT D. LYBRAND
Texas Bar No. 12712100
580 S. Denton Tap Road; Suite 280
Coppell, Texas 75019
972.393.1500
972.304.0072 Fax
Attorney for Plaintiff

STANDARD INSURANCE COMPANY

**ORIGINAL**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET 3-08CV-746-B

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Standard Insurance Company

**DEFENDANTS**
Kristal Cooper-Pipkins, Billy Harris, Kenneth Harris, Cheryl McMillan, and Detra Pipkins-Senegal

(b) County of Residence of First Listed Plaintiff  Multnomah, Oregon
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Dallas, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED MAY 1 2008 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert D. Lybrand, 580 S. Denton Tap Rd., Suite 280, Coppell, Texas 75091  972-393-1500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Employment Retirement Income Security Act, 29 U.S.C. Section 1001, et seq (ERISA)
Brief description of cause:
Interpleader of proceeds of insurance policy under Rule 22, Federal Rules of Civil Procedure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  5-1-08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____