B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANDARD INSURANCE CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0746-B |
| | § | |
| KRISTAL COOPER-PIPKINS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants Billy Harris, Kenneth Harris, Cheryl McMillan, and Detra Pipkins-Senegal's (hereinafter, "Cross-Plaintiffs") Motion for Rule 11 Sanctions and Attorneys' Fees (doc. 10) (hereinafter, the "Motion"). For the reasons that follow, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

### I. BACKGROUND

Standard Insurance Company issued a Group Accidental Death and Dismemberment Insurance Policy (hereinafter, the "Plan") to Celanese Americas Corporation (hereinafter, "Celanese"). (Compl. ¶¶ 8-9.) The Plan insured the life of Virgil Ray Pipkins Jr. (hereinafter, "Pipkins"), an employee of Celanese, in the sum of $315,000.00. (*Id.* at ¶ 10.)

On May 26, 2005, Pipkins named his mother, Catherine Pipkins, and spouse, Defendant Kristal Cooper-Pipkins (hereinafter, "Cross-Defendant"), as the beneficiaries of his accidental death insurance policy under the Plan. (*Id.* at ¶ 13.) Subsequently, Pipkins and Cross-Defendant obtained a divorce. (*Id.* at ¶ 14.) Their divorce was finalized on May 26, 2005. (*Id.*) Pipkins later attempted

to change beneficiaries on all of his employee benefit plans so that his mother was the only named beneficiary, (*id.* at ¶ 15); however, Cross-Defendant was never removed as a beneficiary to the accidental death insurance policy, (*id.* at ¶ 16).

Pipkins passed away on March 3, 2007, due to injuries sustained in a motorcycle accident. (*Id.* at ¶ 11.) Standard Insurance Company filed this interpleader action to resolve competing claims to the accidental death insurance benefit between Cross-Plaintiffs, as the legal heirs of Pipkin's mother, and Cross-Defendant. (*Id.* at ¶ 1.) On October 3, 2008, Cross-Plaintiffs moved for sanctions and attorney's fees pursuant to FED. R. CIV. P. 11 (hereinafter, "Rule 11"), claiming Cross-Defendant filed her Answer without making a reasonable inquiry into the law. (Cross-Pl.s' Mot. for Rule 11 Sanctions and Mot. For Atty's Fees.) Cross-Plaintiffs served and filed the Motion on the same day. (Cross-Def.'s Mem. in Resp. to Cross-Pl.s' Mot. for Rule 11 Sanctions and Mot. For Atty's Fees.) In response to the Motion, Cross-Defendant maintains, *inter alia*, that the Motion must be denied for failure to comply with Rule 11's "safe-harbor" provision. (*Id.*) Having considered the parties' arguments, the Court now moves to the merits of its decision.

## II. ANALYSIS

A necessary function of the Federal Rules of Civil Procedure is to police the conduct of attorneys appearing before the federal courts. In furtherance of this function, attorneys are required to sign every motion, pleading, or other paper filed with the court. FED. R. CIV. P. 11(a). In signing such documents, attorneys are certifying that they have conducted a reasonable investigation into the facts and law contained within the filing, and that the document is not being filed for an improper purpose. FED. R. CIV. P. 11(b)(1) - (11)(b)(3). If an attorney fails to satisfy these minimum standards, opposing counsel may, by separate motion, move for sanctions. FED. R. CIV. P. 11(c)(1) -

11(c)(2).

In 1993, Rule 11 was amended to include the addition of a "safe harbor" provision. *See* FED. R. CIV. P. 11 advisory committee's 1993 amendment note; *Ridder v. Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). This "safe harbor" provides that a motion for sanctions must be served, but "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within [twenty-one] days after service ...." Fed. R. Civ. P. 11(c)(2). The provision "contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). In furtherance of this purpose, the "safe harbor" procedure is deemed a mandatory procedural prerequisite to seeking Rule 11 sanctions. *Id.* ("The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory."); *Cadle Co. v. Pratt*, 2007 WL 824117, at *6 (N.D.Tex. March 16, 2007) ("The Fifth Circuit strictly construes the requirements of Rule 11...").

In the case at bar, Cross-Plaintiffs filed their motion for sanctions on the same day they served the Motion on Cross-Defendant. In doing so, Cross-Plaintiffs failed to abide by the plain language of Rule 11's "safe harbor" provision. Thus, per the express terms of Rule 11, the Court cannot consider the substance of the Motion. *See* FED. R. CIV. P. 11(c)(2) (stating motion for sanctions "*must not be filed*" if offending motion is cured within twenty-one days) (emphasis added); *Elliott*, 64 F.3d at 216 (holding that Rule 11's "safe harbor" provision is mandatory); *see also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (affirming a district court's denial of sanctions because the movant failed to follow the "safe harbor" procedures). Accordingly, the Court finds that the Motion should be and hereby is **DENIED WITHOUT PREJUDICE**.

## III. CONCLUSION

Because Cross-Plaintiffs failed to comply with Rule 11's "safe harbor" provision, the Motion (doc. 10) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**

**SIGNED: November 24, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE